IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARLEE BAILEY, Individually and as a Wrongful
Death Heir and on Behalf of all the Wrongful Death
Heirs and Beneficiaries of CECIL PATTERSON, Deceased             Plaintiff

V.                                                  Cause No. 4:07cv180-WAP-EMB

R. J. REYNOLDS TOBACCO COMPANY, ET AL.              Defendants

## ORDER

Before the court are the defendants' motion to stay their expert designation deadline (# 44), filed July 13, 2009, and the plaintiff's motion for extension of time to designate experts (# 45), filed July 23, 2009. The court, having considered the motions and the record, finds as follows:

The defendants seek a stay of their expert designation deadline in order to avoid any unnecessary expense associated with retaining experts in light of their pending motion for summary judgment. Specifically, the defendants have moved for summary judgment on the ground that the plaintiff cannot prove her case under Mississippi law without expert evidence, the plaintiff having failed to designate any experts in this case prior to her expert designation deadline. The plaintiff's expert designation deadline was July 1, 2009. In her motion for an extension of time, the plaintiff merely states that she "has been attempting to contact expert witnesses" and needs more time to designate experts. The plaintiff further asserts that no party will be prejudiced by the late designation.

Pursuant to Rule 16(b) of the *Federal Rules of Civil Procedure*, the scheduling order may be modified only upon a showing of good cause. In determining whether good cause exists, the court should consider four factors: (1) the explanation for the failure to identify the witness, (2) the importance of the testimony, (3) potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (citation omitted). The first factor weighs against the plaintiff because the plaintiff has stated no legitimate reason for failing to timely designate experts or seek additional time to do so. *See Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1158 (5th Cir. 1985) (plaintiff should have been aware of the need for expert testimony and claim of last minute need is meritless).

Considering the second factor, the court finds it is obvious that expert testimony would be critical to the plaintiff's wrongful death claim. Next, the plaintiff contends that no party will be prejudiced by the late designation. However, the court finds the late designation would interfere with the discovery deadline and unfairly prejudice the defendants who have already filed a motion for summary judgment in reliance upon the plaintiff's apparent decision to forego designating experts. *See Geiserman, supra*, at 791 (finding prejudice where late designation would disrupt the court's discovery schedule and the opponent's preparation). Lastly, the court finds that granting a continuance would not cure this type of prejudice. Moreover, the expert designation deadline has already been extended once, and the late request for an extension comes almost a month after the extended deadline. Based on the foregoing, the *Geiserman* factors weigh in favor of denying the motion for additional time to designate experts. *See Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (finding the district court did not abuse its discretion by failing to allow late supplementation of expert designation where the first and third *Geiserman* factors weighed against deviation from the scheduling order).

**THEREFORE, IT IS ORDERED:**

1. That the defendants' motion to stay their expert designation deadline is hereby GRANTED; and

2. That the plaintiff's motion to extend plaintiff's expert designation deadline is hereby DENIED.

This, the 3rd day of August, 2009.

    /s/ David A. Sanders
    UNITED STATES MAGISTRATE JUDGE