IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARLEE BAILEY, Individually as a
Wrongful Death Heir and On Behalf of
All the Wrongful Death heirs and
Beneficiaries of Cecil Patterson, Deceased,                    PLAINTIFF,

VS.                                      CIVIL ACTION NO. 4:07CV180-P-S

R.J. REYNOLDS TOBACCO COMPANY,
BROWN & WILLIAMSON CORPORATION, and
PHILIP MORRIS USA, INC.,                                       DEFENDANTS.

## FINAL JUDGMENT

This matter comes before the court upon the defendants' motion for summary judgment [42]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

It is undisputed that the plaintiff's deadline to designate expert witnesses passed on July 1, 2009 and that the plaintiff designated no expert witnesses. All of the plaintiff's claims (deceptive advertising, fraudulent and negligent misrepresentation) in this particular case require proof of medical causation – not only general causation (that smoking *can* cause the decedent's injuries and death), but also specific causation (that the smoking *did in fact* cause the decedent's injuries and death). See *Knight v. Kirby Inland Marine, Inc.*, 428 F.2d 347, 351 (5th Cir. 2007). This is because the claims seek recovery on the theory that alleged deceptive advertising and misrepresentation proximately caused the decedent's injuries and death. The Fifth Circuit Court of Appeals in *Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121, 1123 (5th Cir. 1988) held that expert testimony is required in Mississippi to prove that a toxic substance caused a specific injury.

Since the plaintiff has designated no experts, and since the cases cited in her brief are

inapposite, she fails to meet an essential element of each of her claims. Therefore the plaintiff has failed to demonstrate a genuine issue of material fact warranting a trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendants' motion for summary judgment [42] is **GRANTED**; therefore

(2) All of the plaintiff's claims are **DISMISSED WITH PREJUDICE**; and

(3) This case is **CLOSED** with the parties to bear their own costs.

**SO ORDERED** this the 18th day of September, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE